ARSENIO MARTÍNEZ, Plaintiff and Appellee, *v.* INDEPENDENCE INDEMNITY COMPANY, Defendant and Appellant.

No. 4792.   Argued December 12, 1929.—Decided April 25, 1930.

830

J. H. *Brown* and *C. Ruiz Nazario,* for appellant. *José Sabater,* for appellee.

Mr. Justice Texidor delivered the opinion of the court.

The accident giving rise to the present action occurred on August 3, 1925. The amended complaint copied into the transcript of the record seems to bear date of November 18 of the same year, and was filed on the 19th following. The trial took place on December 19, 1927; the judgment was rendered on May 18, 1928; an appeal therefrom was taken by the defendant on June 14, 1928, and a brief in support of the appeal was filed on January 26, 1929. The parties have had ample time to argue and fully submit their case.

The following are the findings of fact made by the trial court and on which the judgment appealed from is based:

"(1) That on December 8, 1924, the plaintiff and the defendant herein entered into a contract of insurance covering a seven-passenger automobile of the type known as 'Big Six Touring Car', manufactured by the Studebaker Corporation, motor No. 2949, license plate No. 3654 issued by the Commissioner of the Interior of Porto Rico, and belonging to the plaintiff, for a period of one year expiring on December 8, 1925; by virtue of which contract the said automobile was insured, among other risks, against damage or destruction sustained by the vehicle itself. In consideration of the payment by

the plaintiff of the corresponding premiums, the defendant issued to him policy No. L. M. 012, whereby the defendant bound itself to indemnify the plaintiff, among other risks, for any loss resulting from damage or destruction of the plaintiff's automobile, including its equipment, caused by accidental collision with another object, whether in motion or stationary, while the said automobile was being driven by any person authorized by the insured, the sum of $50 to be deducted from the said indemnity and the insurance company to be liable for any loss in excess of such a sum up to the actual intrinsic value of the vehicle at the time of its destruction.

"(2) That at about 3:30 p. m. on August 3, 1925, while the said contract was in force, the said automobile was being driven by Fernando Vélez, a duly licensed chauffeur and expressly authorized by the plaintiff to drive his aforesaid automobile, going at a moderate rate of speed, from Mayagüez towards San Juan on orders from the plaintiff, who was at that time in San Juan attending to his legislative work as a senator from the district of Mayagüez, and when arriving at kilometer 147.6 of the road from Aguada to Aguadilla, the said automobile bumped against a rock in the middle of the highway and, in spite of the efforts made by the said chauffeur to prevent it, the car slipped on the road and went down the embankment, where it struck a tree and turned over.

"(3) That as a result of the accident above described the plaintiff's automobile was greatly damaged and on the same day of the occurrence the plaintiff notified the defendant company by telegraph; that three days thereafter the plaintiff went to the place of the accident accompanied by Higinio Ferreira, a representative of the defendant, and two mechanics, one of whom was chosen by the insured and the other by the defendant, to investigate and determine the damages sustained by the plaintiff's automobile. On the same day of such investigation the defendant took possession of the vehicle and had the same removed from the place of the accident to the garage of Molinary in Aguadilla, where by order of the defendant company some repairs were made to the car. Afterwards the defendant had the said automobile taken to the garage of E. Solé & Co. in San Juan to undergo further repairs, the vehicle being retained by the defendant company from August 6, 1925 until February, 1926, on which latter date the defendant, claiming that the automobile had been suitably repaired, brought it to Mayagüez and demanded that the plaintiff receive it if it was adequately repaired, but the plaintiff, after an inspection made by Henry H. Barreda, a mechanical

engineer, refused to accept it on the ground that the vehicle had not been properly repaired.

"(4) That the plaintiff fully performed his obligations under the insurance contract, and from an ocular inspection, made at the close of the trial in the garage of Rafael Blanch of this city, where the automobile had been kept by order of the defendant, the court found that, as alleged by the plaintiff, the body and front part of the car had been patched up; the mudguards had been straightened and painted; the cover and the dashboard had also been patched up; the front axle was bent at its right-hand end and the wheel in relation to such axle was not at a right angle; the top was substituted by another of a different type from that of the 1926 model; the lamp-brackets and the hood-clamps, which originally were nickel-plated, had been painted black; the original running board was of mahogany color and had been painted deep blue; and the original sunshade had not been replaced and was missing, due to the fact that the new top fits a different car model. The defendant has not only delayed the repairs of the plaintiff's automobile unreasonably, but it has also failed to repair the same adequately, and the plaintiff is not bound to receive it. It is well known that pleasure-car models are changed frequently and a new model becomes obsolete in a relatively short time. The plaintiff's automobile was devoted to the use of plaintiff's family as a pleasure car, and the fact that it was of that character must be taken into consideration in connection with the adequate repairs which the defendant company was bound to make upon the vehicle.

"(5) That the plaintiff's car had been used carefully and with moderation while in his possession; it had not suffered any collision before the accident, and the agent of the company which sold it to the plaintiff inspected and lubricated it periodically in order to keep it in good condition; and as its original value was $2,600, deducting therefrom the sum of $433.28 as depreciation for its use during eight months (which is a reasonable amount), and $50 which must be deducted under the insurance contract, the value of the said automobile on the day of the accident and immediately before the occurrence was $2,116.72, which the defendant has not paid to the plaintiff either in whole or in part."

Substantially, the facts held proved are the same as those alleged by the plaintiff. The evidence introduced at the trial includes the insurance policy, to which is attached as a part

thereof a so-called "Automobile collision certificate", the text of which seems to us sufficiently clear in so far as it establishes the liability of the insurance company in the event of damage or destruction of the insured car, and similarly as to the corresponding obligations of the other contracting party. The agreement provides for indemnity whether or not the car is destroyed, and it enumerates certain exceptions, none of which includes the present case.

We have already adverted to the facts alleged by the plaintiff. The defendant filed a motion to strike out, then a demurrer and, thereafter, an answer, in which it denied some of the essential averments of the complaint, but admitted the existence of the contract of insurance, that it was in force at the time of the accident, and that the latter actually occurred. It denied any other obligation under the contract, except that of paying the reasonable value of repairs in case of partial loss, or the actual value of the automobile in case of its destruction, less $50. It denied that the driver of the car at the time of the accident was a duly licensed chauffeur, or that he was driving the car at a moderate speed, or that the vehicle had struck a rock or any other object. It admitted some of the damages and denied others, as well as that the car had become unserviceable. It denied that the plaintiff had complied with all the obligations contracted by him. It alleged that the defendant, out of pure liberality, had given orders for the car to be removed to a garage in Aguadilla, but without thereby taking charge of the vehicle or acknowledging any liability; that the automobile was thereafter brought to San Juan and delivered to the agents of the manufacturer to be repaired; that it was repaired and taken to Mayagüez and exhibited to the plaintiff, who refused to receive it and gave no explanation for his refusal; that at that time the automobile was in the same condition as when the accident occurred, and it denied that the vehicle had been patched up or put out of alignment, or that the lamp-brackets and the hood-clamps had the defects claimed by the plaintiff.

As special defenses, it substantially alleged: That the policy in this case does not cover any accident by fall or overturning, unless due directly or immediately to an accidental collision, nor any damages resulting from an accident where the car has been driven at an excessive speed, and that it was so driven in this case; that the defendant's liability under the policy was limited to the payment of the reasonable value of necessary repairs and the defendant, out of liberality, was ready to make such payment, without acknowledging any liability, and so informed the plaintiff, and out of liberality had the car sent first to Aguadilla and then to San Juan for repairs; that the delay in the repairs was due to the acts of the plaintiff himself, who has always sought to have the defendant pay to him the full value of the car and has attempted to profit by the accident. Such, in brief, are the allegations of the answer herein.

The district court adjudged the defendant to pay to the plaintiff the sum of $2,116.72, with interest at the legal rate and costs.

In support of its appeal from that judgment the defendant has assigned several errors. The first assignment is formulated thus:

"1. The district court erred in overruling the demurrer interposed to the amended complaint and in failing to hold that the said amended complaint does not state facts sufficient to constitute a cause of action."

We are unable to find anything which would justify any hesitancy on our part in declaring that there is no merit in that assignment. A complaint which alleges the existence of the contract of insurance; the fact that the same was in force at the time of the accident; the agreement to indemnify in the event of damage or destruction of the insured property; the occurrence of the accident and the cause thereof; the character of the damages sustained and the unserviceable condition in which the automobile was left; the performance by the plaintiff of his obligations under the contract, and

facts showing nonperformance on the part of the defendant insurer, complies with the requirements of the law and the jurisprudence and must be held to state a cause of action. For the purposes of a demurrer, its allegations must be accepted as true, and with such allegations in their entirety as a basis the issue of law must be raised or argued.

The second assignment of error reads as follows:

"2. The district court disregarded the contract entered into by the parties, and relied for its judgment on a non-existent and imaginary contract, thus depriving the defendant of the due process of law and equal protection of the laws guaranteed by the Organic Act of Porto Rico and the Fourteenth Amendment to the Constitution of the United States."

As the appellee rightly contends, the above assignment is merely a hint, or perhaps a charge, that the district judge either did not read or did not wish to read the document containing the contract.

The insurance stipulations to which we have already referred are set out in the policy. If from the latter the obligations assumed by the parties in executing the contract do not clearly appear, then there is certainly no other place where to look for them. The insurance company admits the obligation of compensating the insured for losses arising from damage or destruction of the car. In our opinion the trial court read and considered the policy, which it compared with the allegations in the pleadings, and from such a consideration and in the light of the evidence, it drew the conclusions which it deemed most fair to serve as a basis for its decision.

The appellant has failed to point out wherein lies the alleged lack of due process of law or what are the violations of constitutional right referred to in its assignment of error, and we shall not undertake this task, which corresponds to the appellant itself.

The third assignment of error is based on the insufficiency of the evidence to support the judgment.

No suggestion is made as to the existence of manifest error or the influence of passion, bias or prejudice, and this would perhaps be a sufficient justification, in view of the clear and definite findings of fact made by the district court, for us to disregard the assignment. The appellant, however, makes some contentions which deserve consideration. It is stated in its brief that, although there was proof of the value of the automobile before the accident, there was none as to the value of the vehicle after the occurrence, nor as to the cost or value of the necessary repairs. But what is essentially alleged in this case is that the defendant has failed to perform its obligations under the contract and has delivered the automobile in such a condition that it is unserviceable and useless. That is the main contention, and the evidence tends to prove it.

The judgment is not contrary to law, as the appellant maintains in its fourth assignment of error. The plaintiff made to the defendant several offers of settlement, but we fail to see in any of them a repudiation of his contract; only that he sought thereby either to secure a full performance or to arrive at some substitute formula consistent with the spirit of the agreement itself.

Some decisions of this court have been cited in this appeal and we feel bound to review them here.

The first case cited is *Martínez* v. *Independence Indemnity Co.*, 36 P.R.R. 775, in which this court said (pp. 779–780):

"It appears from the foregoing that the appellee was under the impression at the trial that, the appellant having alleged in its answer that the automobile was being repaired, the question was narrowed down to a determination from the evidence of the defendant of whether the automobile had been completely repaired, as was required in the case of Molina v. Porto Rican Lloyd's, 31 P.R.R. 120, for the owner to be bound to receive it, because otherwise the company would have to pay its value, a theory which was not that of his complaint based on the total destruction thereof. Indeed, the appellee should have amended his complaint before the trial in order to allege, as

he did later, the damage suffered by his automobile and that it had not been completely repaired, being thus entitled to claim its value. He did not do so, hoping, perhaps, that the company would try to show a complete repair and would not avail itself of the technicality of failure to show its total destruction. From the foregoing circumstances we are of the opinion that the trial court did not err in finding that there had been excusable surprise on the part of the appellee, and we shall not reverse the decision appealed from, the more so since justice requires in this case the company to pay the value of the automobile or show that it has repaired it completely.

The appellant also alleges that the amended complaint, which was filed together with the motion to set aside the judgment should have been dismissed because the action brought thereby is not germane to that set up by the original complaint. Now the value of the automobile is claimed, alleging that the damage caused it has not been completely repaired, and it appears from the original complaint that the value of the automobile in question was also claimed by reason of its total destruction. Therefore, the cause of action has not been changed, since either of the complaints would have entitled the appellee to recover the value of the automobile."

From the facts found by the district court it appears that the automobile was not properly or adequately repaired. The expression "patched up" (*remendado*) used by the plaintiff and by the court itself, seems the best adapted to characterize what the court saw when making the ocular inspection. If the car has not been repaired in an adequate manner or in any manner rendering it suitable for use as a pleasure or family car—and it so appears from the opinion of the district judge—the measure of damages is the value of the vehicle less the value of the wreckage.

The decision in *Muñiz* v. *Aetna Casualty & Surety Co.*, 38 P.R.R. 752, is not conflicting with our holding herein, nor has it modified in any way the rule adhered to by this court in this connection. On the contrary, the doctrine laid down in *Molina* v. *Porto Rican Lloyd's*, 31 P.R.R. 120, was cited and confirmed in the *Muñiz* case. Essentially, the application of such doctrine depends upon whether a destruction of the property insured or merely reparable damages are alleged.

The destruction of a thing does not mean that the same should be reduced to pieces or particles, but that it should have been so injured that no repairs could sufficiently restore it to its former condition of use for the purpose for which destined and no other.

In *Muñiz* v. *Aetna Casualty & Surety Co., supra,* the following was quoted from the opinion in *Molina* v. *Porto Rican Lloyd's, supra:*

"Let us consider now the first pronouncement of the judgment, that is, whether or not complete repairs were made. We do not agree with the absolute statement made by the trial judge in his opinion to the effect that it is always necessary to substitute new parts for the damaged parts. If instead of saying damaged parts he had said broken parts, or parts damaged so that it would be impossible to restore them to their original condition, it would be different. And in fact this last is what the evidence showed to have occurred in this case. Hence, the error assigned was harmless. Not only the evidence of the plaintiff, but also the evidence of the defendant, showed that at least as regards the chassis, the repairs were not complete.

"According to the jurisprudence cited by the appellant, to repair means to restore to its original condition, and a broken chassis is not completely repaired, that is, restored to its original condition, by making an interior reinforcement by means of rivets, as was done in this case."

In the *Muñiz* case a distinction was made between total destruction and reparable injury. Besides, in that case certain damages were alleged, which were repaired, and the automobile was put in a serviceable condition. We said there:

"Certain damages are alleged as a direct consequence of the collision and it appears from the allegations and the evidence that those damages were repaired, without any indication that the automobile was not put in good condition; but, on the contrary, it was proved that the plaintiff ordered and paid for the repairs and accepted the automobile after it had been repaired, the logical presumption being that the automobile remained in good condition."

It will thus be seen that the situation in that case was entirely different.

In *Martínez* v. *Independence Indemnity Co.*, 36 P.R.R. 775, the rule followed in this jurisdiction was enunciated in clear and precise terms. Either the car is adequately repaired or its value paid for; and this is "what justice requires."

We find no merit in the assignments of error submitted by the appellant. The latter complains that under the judgment in its present form, the plaintiff will recover the value of the automobile and, in addition, retain the vehicle itself. We are of opinion that the judgment can not be so construed. It will be noted from the opinion and judgment of the trial court, that the original value of the automobile was $2,600; that there has been deducted from the above amount the sum of $433.28, for depreciation, and $50 pursuant to the stipulations of the insurance contract; and the value of the car on the day of the accident was assessed at $2,116.72, which the defendant has been adjudged to pay to the plaintiff. It would not be proper to construe the pronouncement as allowing the plaintiff to recover the total value of the car and also to keep the automobile. It must be understood that the right of the defendant to retain the vehicle, for whose value it has paid, has been safeguarded.

The judgment appealed from must be affirmed, without prejudice to the right of the defendant to retain the vehicle or whatever has been left of it.